UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<small>EISHA</small> M<small>ARIE</small> L<small>EE</small>,

      Plaintiff,                        Hon. Paul L. Maloney

v.                                           Case No. 1:24-cv-153

U<small>NITED</small> S<small>TATES</small> D<small>EPARTMENT</small>
<small>OF</small> T<small>REASURY</small>,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action February 16, 2024, against the United States Department of Treasury. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In her complaint, Plaintiff alleges the following. On August 24, 2023, Plaintiff mailed to Treasury Secretary Janet Yellen documentation regarding a "trust agreement" regarding "a Michigan UCC." This trust agreement, valued at $100,000,000,000.00, matured on November 25, 2023, after which the United States Treasury was obligated to pay interest to Plaintiff based on the value of the trust. The United States Treasury

2

has failed, however, to pay the required interest. Plaintiff alleges that she has suffered $100,150,000,000.00 in damages.

The United States is immune from suit unless it explicitly waives its sovereign immunity. *See, e.g., Clover v. Viola*, 2022 WL 2237846 at *3 (N.D. Ohio, June 22, 2022). The Federal Tort Claims Act (FTCA) constitutes a limited waived of the government's sovereign immunity for claims arising from torts committed within the scope of their employment by federal employees. *Ibid.*

To be actionable under the FTCA, a claim must satisfy six elements: (1) be asserted against the United States; (2) for money damages; (3) for personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the United States; (5) while acting within the scope of the office or employment; and (6) under circumstances where the United States, if a private person comparably situated, would be liable to the claimant in accordance with the law of the state where the act occurred. *Geico General Insurance Co. v. United States*, 581 F.Supp.3d 847, 852 (E.D. Ky. 2022) (citing *Brownback v. King,* - - - U.S. - - -, 141 S.Ct. 740, 746 (2021)).

Even if Plaintiff could establish the first five elements of her claim, she has failed to allege facts, which if proven, establish that the United States, if it were a private person comparably situated, would be liable to Plaintiff in accordance with the law of the state where the act occurred. Thus, Plaintiff has failed to state a claim under the FTCA. Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned recommends that an appeal of this matter such would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 15, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge