UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEISHA MARIE LEE, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:24-cv-153 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| UNITED STATES DEPARTMENT OF TREASURY, | ) ) | |
| Defendant. | ) | |
| | ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Keisha Lee filed this lawsuit against the United States Department of Treasury. Plaintiff seeks to enforce a purported trust agreement based on a documents she mailed to Treasury Secretary Janet Yellen and that were not returned or otherwise dishonored. Because Plaintiff has been granted leave to proceed without the prepayment of the filing fee, the Magistrate Judge conducted a review of the complaint and issued a report recommending that the Court dismiss the complaint as frivolous (ECF No. 9). Plaintiff filed objections (ECF No. 11). The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge found that the United States is immune from lawsuits unless it has waived is sovereign immunity.  Plaintiff did not object to this finding.

The Magistrate Judge identified the Federal Tort Claims Act (FTCA) as the statute under which Plaintiff's claim against the Treasury likely arises, a statute that includes a limited waiver of sovereign immunity.  Plaintiff did not object to this finding.

The Magistrate Judge set forth the elements for a claim under the FTCA and found that Plaintiff's complaint failed to allege facts to support the sixth element, whether "a private person comparably situated would be liable to the claimant in accordance with the law of the state where the act occurred" (ECF No. 9 PageID.144).  Plaintiff does not specifically object to this finding.

Plaintiff does disagree with the Magistrate Judge's recommendation.  Plaintiff does so by summarizing the basis for her claim.  Plaintiff's objection, however, does not address the flaw in her complaint identified by the Magistrate Judge.  Plaintiff could not mail the same documents to a private citizen, not get a response, and then sue the private citizen.  Plaintiff's legal theory is utter nonsense.  Plaintiff did not create a 100 hundred-billion-dollar financial instrument simply by mailing self-created documents to the Department of Treasury.

Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion (ECF No. 9).  The Court **DISMISSES** the complaint as frivolous.  The Court further finds that any appeal would lack merit and would not be taken in good faith.  **IT IS SO ORDERED.**

Date:   April 29, 2024                                    /s/  Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge